ORDERED.

**Dated:  October 22, 2015**

K. Rodney May
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Cibi Concrete Company,                                           Case No.  8:15-bk-00350-KRM
                                                                              Chapter 11

       Debtor.
_____/

### CONFIRMATION ORDER

THIS CAUSE came on for confirmation hearing on October 7, 2015 at 2:30 p.m., (the "Hearing"), to consider confirmation of the Debtor's Amended Plan of Reorganization (Doc. No. 66), (the "Plan"), and approval of the Disclosure Statement (Doc. No. 42) (the "Disclosure Statement"), filed by Cibi Concrete Company. At the Hearing, counsel for the Debtor proffered the direct testimony of Ray Cibischino, President of the Debtor, in support of confirmation of the Plan as set forth in his Confirmation Affidavit in Support of Debtor's Amended Plan of Reorganization (Doc. No. 69).  After due and sufficient notice to all Creditors, holders of Equity Interests and interested parties, and based on the evidence presented and arguments of counsel at the Hearing, including

without limitation, the Amended Ballot Tabulation (Doc. No. 67), the Court makes the following findings:[1]

## FINDINGS OF FACT

**A. Jurisdiction and Venue.** This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules and should be confirmed.

**B. Transmittal and Service of Notices.** Notice of the Hearing and the relevant deadlines for submission of objections, as prescribed by this Court in its Order Conditionally Approving Disclosure Statement, Fixing Time to File Objections to the Disclosure Statement, Fixing Time to File Applications for Administrative Expenses, Setting Hearing on Confirmation of the Plan, and Setting Deadlines with Respect to Confirmation Hearing (Doc. No. 43) (the "***Disclosure Statement Order***") has been provided and is adequate and sufficient pursuant to Section 1128 of the Bankruptcy Code and Rules 2002(b) and 3020 of the Bankruptcy Rules. Additionally, the Disclosure Statement and the Plan, which were transmitted and served as set forth in the Certificate of Service of Solicitation Package dated May 20, 2014 (Doc. No. 44) and the Certificate of Service on the Amended Plan (Doc. No. 66), are hereby deemed to have been transmitted and served in compliance with the Disclosure Statement Order and the Bankruptcy Rules. Such transmittal and service are adequate and sufficient, and no other or further notice of the Hearing, the Disclosure Statement or the Plan shall be required.

---

[1] All capitalized terms used in this Order have the meanings fixed in this Order or, if not defined in this Order, the meanings ascribed to them in the Plan.

**C. Disclosure Statement Approval.**   Any objections to the Disclosure Statement, if any, were withdrawn in open court or otherwise overruled; therefore, the Court's conditional approval of the Disclosure Statement pursuant to the Disclosure Statement Order became final.

**D. Solicitation.** The solicitation of votes on the Plan was conducted in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code, Rules 3017 and 3018 of the Bankruptcy Rules, the Disclosure Statement Order, and all other applicable provisions of the Bankruptcy Rules, laws or regulations.

**E. Ballots and Tabulations.**   All procedures used to distribute solicitation materials to the applicable Holders of Claims and to tabulate ballots were fairly and properly conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules.  On October 1, 2015, the Debtor filed the Amended Ballot Tabulation (Doc. No. 67) in accordance with Local Rule 3018-1(a).

**F. Burden of Proof.**   The Debtor has met its burden of proving the applicable elements of Section 1129(a) and (b) of the Bankruptcy Code, by a preponderance of the evidence, which is the applicable evidentiary standard.

**G. Compliance with Section 1129(a) (1) of the Bankruptcy Code.**  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a) (1) of the Bankruptcy Code.

**H. Proper Classifications.**   The classification of Claims and Interests under the Plan is reasonable.  Valid business, factual and legal reasons reasonably exist for the classification under the Plan.  Claims or Interests in each Class are substantially similar to other Claims or Interests in such Class, and the Plan therefore satisfies the requirements of Section 1122(a) of the Bankruptcy Code.

**I. Designation of Classes.**  The Plan properly designates the Classes of Claims and Interests into nine (9) separate Classes in accordance with the applicable provisions of the Bankruptcy Code, including Sections 1122 and 1123 of the Bankruptcy Code.

3

**J.  Specified Impaired Classes.**  The Plan specifies that Classes 1, 2, 3, 4, 5, 6, 7, 8, and 9 are treated as impaired under the Plan (the "Impaired Voting Classes"), and are entitled to vote on the Plan, thereby satisfying the requirements of Section 1123(a) (3) of the Bankruptcy Code.

**K.  Specified Unimpaired Classes.**  Any specific classes treated as unimpaired under the Plan are conclusively presumed to have accepted the Plan, and thus are not entitled to vote on the plan, thereby satisfying the requirements of Section 1123(a) (2) of the Bankruptcy Code.  Pursuant to Section 1126(f) of the Bankruptcy Code, Any specific classes treated as unimpaired are deemed to have accepted the Plan.

**L. No Discrimination.**  The Plan provides for the fair and equitable treatment of each Claim or Interest of a particular Class, thereby satisfying the requirements of Section 1123(a) (4) of the Bankruptcy Code.

**M. Implementation of Plan.**  The Plan provides for adequate means for its implementation satisfying the requirements of Section 1123(a) (5) of the Bankruptcy Code, including, but not limited to, (a) the satisfaction of Claims through the continued operations of the Reorganized Debtor; and (b) authorizing the execution, delivery, filing, or recording of all contracts, instruments, releases, and other agreements or documents related to the foregoing.

**N. Additional Plan Provisions.**  The Plan does not contain any provision that is inconsistent with the provisions of the Bankruptcy Code and, therefore, satisfies Section 1123(b) (6) of the Bankruptcy Code.

**O. Identity of Proponents.**  In accordance with Rule 3016(a) of the Bankruptcy Rules, the Plan identifies the Debtor as the entity submitting the Plan.

**P. Debtor's Compliance.**  The Debtor has complied with each of the applicable provisions of the Bankruptcy Code including, without limitation, Sections 1125 and 1126 of the Bankruptcy Code and, therefore, has satisfied the requirements of Section 1129(a) (2) of the Bankruptcy Code, as follows:

1.      The Debtor has the right to submit the Plan under Section 1121(a) of the Bankruptcy Code.

2.      The Debtor has complied with each of the applicable provisions of the Bankruptcy Code, as otherwise provided or permitted by orders of the Court.

3.      The Debtor has complied with each of the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Disclosure Statement Order in transmitting notices and disclosure and solicitation materials with respect to the Plan.

4.      As required by 11 U.S.C. §1129(a) (2) of the Bankruptcy Code, the Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code. Without limiting the generality of the foregoing and by way of example, the Debtor has complied with the disclosure solicitation requirements of 11 U.S.C. §1125 and §1126 of the Bankruptcy Code. Further, the Court expressly finds that the Disclosure Statement and Plan contain adequate information and that no further disclosure is required by the Debtor in connection with the Plan.

**Q. Proposed in Good Faith.**  The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying the requirements of Section 1129(a) (3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing and prosecution of the Bankruptcy Case and the formulation of the Plan.  The Bankruptcy Case was filed, and the Plan was proposed, for proper purposes, including (i) maximizing the value of the Debtor's Estate and (ii) fairly distributing the value of the Debtor's Estate among its Creditors.

**R. Payments for Services or Costs and Expenses.** To the extent required by the Bankruptcy Code, the Bankruptcy Rules, or orders of this Court, any payments made by the Debtor for services or for costs and expenses in, or in connection with, the Bankruptcy Case or the Plan, have been approved by, or are subject to the approval of this Court as reasonable. Accordingly, the Plan satisfies the requirements of Section 1129(a) (4) of the Bankruptcy Code.

**S. Directors, Officers, and Insiders.**   The Debtor adequately disclosed or otherwise identified the identities and affiliations of the individuals or entities proposed to serve on or after the Effective Date as managers, officers or directors of the Reorganized Debtor.   Accordingly, the Plan complies with the requirements of Section 1129(a) (5) of the Bankruptcy Code.

**T. No Rate Changes.**   Section 1129(a) (6) of the Bankruptcy Code is satisfied as the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

**U. Best Interests of Creditors.**   The Plan satisfies Section 1129(a) (7) of the Bankruptcy Code.   With respect to each Impaired Class of Claims, each Holder of a Claim against the Debtor: (i) has accepted the Plan; or (ii) will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would so receive or retain if the Debtor was to be liquidated under Chapter 7 of the Bankruptcy Code on such date.   The liquidation analysis provided in the Disclosure Statement and other evidence proffered, adduced, or presented at the Hearing are persuasive and credible and have not been controverted by other evidence.

**V.   Acceptance by Certain Classes.** Classes 1, 2, 3, 5, 6, 7, 8, and 9 are impaired and designated as voting Classes under the Plan. Classes 1, 2, 3, 5, 6, 8, and 9 are impaired classes of Claims that have voted to accept the Plan prior to or at the Hearing.

**W. Treatment of Administrative and Priority Claims.** The treatment of Allowed Administrative Claims, Allowed Priority Tax Claims and Allowed Other Priority Claims under Articles 3 and 4 of the Plan satisfies the applicable requirements of Section 1129(a)(9) of the Bankruptcy Code.

**X**. **Acceptance by Impaired Classes.** Class 7 is an impaired class that did not vote to accept the Plan.  Classes 1 and 8 of Century Bank of Florida are impaired classes that accepted the Plan, as amended by this Order, at the Hearing. Classes 2, 3, 5, 6, 8, and 9 are impaired classes of Claims that

have voted to accept the Plan.  At least one of the Impaired Voting Classes have voted to accept the Plan as determined without including any acceptance by any "insiders" and, thus, satisfy Section 1129(a)(10) of the Bankruptcy Code.

**Y. Feasibility.**  The Disclosure Statement and the evidence proffered, adduced, or presented at the Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Debtor or any successor thereof under the Plan, except to the extent that such liquidation is provided for under the Plan. The Plan is feasible, and thus satisfies the requirements of Section 1129(a) (11) of the Bankruptcy Code

**Z.  Payment of Fees.** The fees due and payable by the Debtor to the United States Trustee or the Clerk of this Court, as provided by 28 U.S.C. §1930(a)(6), have been paid or will be paid by the Reorganized Debtor on the Effective Date of the Plan. Thus, the requirements of Section 1129(a) (12) of the Bankruptcy Code are satisfied.

**AA. Continuation of Retiree Benefits.**  There are no unsecured claims for "retiree benefits" as defined in Section 1114(a). Accordingly, the requirements of Section 1129(a) (13) of the Bankruptcy Code are satisfied.

**AB. Fair and Equitable; Confirmation of Plan Over Nonacceptance by Rejecting Classes.**  Based upon the evidence proffered, adduced, or presented by the Debtor at the Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted the plan as required by Section 1129(b) of the Bankruptcy Code. The Plan may be confirmed under Section 1129(b) (2) (A) and (B) of the Bankruptcy Code even if the Plan fails to satisfy Section 1129(a) (8) of the Bankruptcy Code.

**AC. Principal Purpose.**  No party in interest that is a governmental unit has requested that the Court not confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, 15 U.S.C. §

77e, and the principal purpose of the Plan is not such avoidance.  Accordingly, the Plan satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

**AD. Good Faith Participation.** Based upon the record before the Court, the Debtor, and its respective members, officers, directors, partners, employees, agents, counsel and financial advisors have acted in good faith within the meaning of Section 1125(e) of the Bankruptcy Code and in compliance with the provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the Plan, including, without limitation, with respect to the solicitation of acceptances or rejections of the Plan and the offer, issuance, sale or purchase of any securities in connection with the Plan, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

**AE. Securities Exemption.**  The membership interests issued under the Plan are being offered principally in exchange for cash or property, and therefore, the offering and issuance of the membership interest falls under the exemption of Section 1145 of the Bankruptcy Code.

**AF. Retention of Jurisdiction.**  The Court may properly retain jurisdiction over the matters set forth in Article X of the Plan.

**AG. Assumption, Assignment and Rejection of Contracts.**  The Debtor will be conclusively deemed to have exercised reasonable business judgment in determining whether to assume or to reject each of its executory contracts and unexpired leases as set forth in Article VI of the Plan. The Debtor also will be deemed to have demonstrated that the assumption of the executory contracts and unexpired leases, as amended by the Debtor and the respective parties during the Bankruptcy Case and the rejection of all other executory contracts and leases is in the best interests of the Debtor's Estate and its creditors. Each pre- or post-confirmation assumption or rejection of an executory contract or unexpired lease pursuant to Article VI of the Plan shall be legal, valid, and binding upon the Reorganized Debtor and all non-Debtor parties to such executory contract or unexpired lease, all to the same extent as if such assumption or rejection had been effectuated

pursuant to an appropriate authorizing order of the Court entered prior to the Confirmation Date pursuant to Section 365 of the Bankruptcy Code.

As of the date hereof, each Assumed Contract and Lease is in full force and effect and free from default and enforceable against the non-Debtor party thereto in accordance with its terms.  Any provision of an Assumed Contract and Lease that purports to give rise to a default or other breach of, or create or constitute an event of termination or similar condition under, such Assumed Contract and Lease by reason of the commencement of any of the Debtor's Bankruptcy Case, the insolvency or financial condition of the Debtor, or the consummation of the Plan and the transactions contemplated in connection therewith shall be and is hereby void and unenforceable.

All requirements of Sections 365(b) and (c) of the Bankruptcy Code and any other applicable law relating to the Assumed Contracts and Leases have been deemed satisfied. The counterparties to the Assumed Contracts and Leases who did not object to the Plan or to the assumption of their executory contract or unexpired lease, or who have withdrawn their objections, are deemed to have consented to the assumption of the Assumed Contracts and Leases.  If a counterparty to any Assumed Contracts and Leases has objected to the assumption of its contract or lease, such objection will be scheduled for a hearing before the Court at some future date and, until the objection has been resolved, the contract or lease in question will remain subject to the jurisdiction of this Court and to the provisions of Section 365 of the Bankruptcy Code, and the Debtor or the Reorganized Debtor shall retain the right to attempt to assume the contract or lease, subject to the right of the counterparty to object thereto.

**AH. Preservation of Causes of Action.**  It is in the best interests of the creditors and interest holders that the causes of action that are not expressly released under the Plan be retained by the Reorganized Debtor or the Disbursing Agent in order to maximize the value of the Debtor's Estate.

**AI. Amendments to Plan.**  Each of the amendments proposed by the Debtor, if any, is an essential element of the Plan, and none of the Amendments adversely changes the treatment of the Claim of any creditor or Interest of any equity holder.

**AJ. Objection to Confirmation.**  All objections, if any, to confirmation of the Plan were either withdrawn at the Hearing or are overruled as moot based on the amendments or the proffers made by counsel for the Debtor at the Hearing.

The Court finds that each impaired class that voted has accepted the Plan in writing and determines that the Plan is feasible and was filed in good faith and not by any means forbidden by law, that the Plan is in the best interest of creditors and meets all of the requirements as provided in Sections 1123 and 1129 of the Bankruptcy Code and that therefore the Plan should be confirmed.

Accordingly, it is hereby

**ORDERED**:

1.    **Confirmation**. The Plan is confirmed as amended herein pursuant to Sections 1129(a) and 1129(b) of the Bankruptcy Code.  The terms as set forth in the Plan, are incorporated by reference into this confirmation order, and are an integral part of the Plan and this Confirmation Order. To the extent any of the findings of fact set forth above are deemed to be conclusions of law, such findings of fact are hereby confirmed as conclusions of law.

2.    The Debtor's Disclosure Statement is adequate and hereby APPROVED.

3.    Class 1 Century Bank of Florida – Century Bank of Florida ("Century Bank") will have a secured claim of $180,000.00 which will accrue interest at the rate of 6.25% per annum and be paid in monthly installments commencing ninety (90) days after entry of this Order based on a twenty (20) year amortization schedule.  The Reorganized Debtor will execute new promissory notes evidencing this obligation which will have seven (7) year terms.  All past due adequate protection payments due to Century Bank totaling $6,600.00 must be cured by November 15, 2015.  The Debtor must pay 2014 real-estate taxes by December 31, 2015, and pay all future real estate taxes before

they become delinquent.  The Reorganized Debtor's obligations to Century Bank, as modified by the Plan and this Order, will remain secured by the existing Mortgage recorded in O.R. Book 16420, Page 1069 in the public records of Hillsborough County, Florida, (the "Mortgage"); (ii) Assignment of Rents recorded in O.R. Book 16420, Page 1078 of said public records (the "Assignment"); (iii) Commercial Security Agreement (the "Security Agreement"); and (iv) UCC-1 Financing Statement filed as filing No. 201104086717 of the Florida Secured Transaction Registry (the "Financing Statement" and collectively with the Mortgage, the Assignment, the Security Agreement and the Financing Statement the "Security Documents"). The liens established and perfected by the Security Documents shall not be voided or otherwise affected by the confirmation of the Plan, and the Security Documents will remain enforceable against the Reorganized Debtor post-confirmation. Century Bank will have an allowed unsecured claim for voting purposes only in Class 8, but will not receive a distribution under Class 8.

4.      Class 2 Reimer International Inc. – The 2004 Sterling 8513 Truck shall be surrendered to Reimer International, Inc. ("Reimer"). The parties have agreed that the value of the Truck is $50,000.00, and Reimer's deficiency claim shall be paid pro-rata as an unsecured claim under Class 8 of the Plan.

5.      Class 3 Reimer International Inc. – The 2002 Volvo Cement Truck with Mobile Mixer will paid in monthly installments based on a ten (10) year amortization schedule and five (5) year term.  Class 3 will have a $30,000.00 secured claim, and the remainder of the claim shall be paid pro-rata as an unsecured claim under Class 8 of the Plan.

6.      Class 4 Reimer International Inc. – Class 4 was a duplicative class which will receive no treatment and will receive no distribution.

7.      Class 5 Reimer International Inc. – The 2006 Sterling Truck with Mobile Mixer will be paid in monthly installments based on a ten (10) year amortization schedule and a five (5) year

term.  Class 5 will have an $80,000.00 secured claim, and the remainder of the claim shall be paid pro-rata as an unsecured claim under Class 8 of the Plan.

8.      Class 6 Reimer International Inc. – The 2003 Sterling Truck with Mobile Mixer will be paid in monthly installments based on a ten (10) year amortization schedule and a five (5) year term.  Class 6 will have a $40,000.00 secured claim, and the remainder of the claim shall be paid pro-rata as an unsecured claim under Class 8 of the Plan.

9.      Class 7 Jeannie Wright – Debtor has filed an Adversary Proceeding to avoid a judicial lien on bank accounts with a balance of approximately $18,143.24.  Should the lien be avoided, Class 7 creditor will receive the same distribution as proposed to Class 8 Claims by quarterly installments commencing on the 90th date after the Effective Date of the Plan.  If the lien is not avoided, Debtor will surrender the funds subject to the lien and the remainder of the claim will receive the same distribution as Class 8 Claims paid out in quarterly installments commencing on the 90th day after the Effective Date of the Plan.

10.     Class 8 General Unsecured Creditors – The Debtor will pay allowed Class 8 unsecured claims a pro-rata distribution out of $30,000.00 in equal quarterly installments with the initial payment commencing on the 90th day after the Effective Date of the Plan.

11.     Class 9 Equity – Existing equity will be cancelled and the new equity will be placed in the current owner in exchange for $5,000.00 in readily available funds to the Debtor's DIP account on or before the Effective Date of the Plan.

12.     **Compliance with Applicable Provisions of Bankruptcy Code**. The Plan complies with the requirements of Sections 1122, 1123 and 1129 of the Bankruptcy Code.

13.     The Plan and its provisions shall be binding upon the Debtor and upon all creditors of the Debtor, whether or not they have individually accepted the Plan, have filed claims or are affected by the Plan, and whether the claims have been scheduled, allowed or are allowable.

14.     **Objections**. To the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Confirmation Order or are not resolved by the relief granted herein or as stated on the record of the Hearing, all such objections are hereby overruled.

15.     **Plan Classification Controlling.**  The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classifications set forth on the ballots tendered to or returned by the Debtor's creditors in connection with voting on the Plan (a) were set forth on the ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims or Interests under the Plan for distribution purposes, (c) may not be relied upon by a holder of any Claim or Interest as representing the actual classification of such Claim or Interest under the Plan for distribution purposes, and (d) shall not be binding upon the Debtor or the Estate.

16.     **Certain Effects of Confirmation; General Provision; Discharge; Other Provisions.** All of the provisions of Articles VIII, IX, and X of the Plan, subject to the limitations set forth therein, are incorporated herein by reference as if set forth herein and are hereby approved in their entirety.  For the purpose of certainty, neither the Plan nor this Confirmation Order affect, impair, limit, compromise, settle or in any way impact or change any claim or right held by the Debtor's creditors against any third party.

17.     **Cancellation of Existing Interests and Agreements.** Except for purposes of evidencing a right to receive a distribution under the Plan or as otherwise provided thereunder, and except as provided in the Plan or this Confirmation Order, on the Effective Date all the agreements and other documents evidencing (a) any Claims or rights of any Holder of a Claim or Interest against the Debtor, including all indentures and notes evidencing such Claims; (b) any security interests, liens or encumbrances against property of the Debtor, with respect to such Claims; and (c) all certificates

evidencing Interests, shall be deemed released, extinguished, cancelled, and of no further force and effect without the need for further action on the part of the Debtor or the Reorganized Debtor.

18.     **Assumptions, Assignments and Rejections.** The executory contract and unexpired lease provisions of Article VI of the Plan are approved in their entirety.   On the Effective Date, pursuant to Section 365 of the Bankruptcy Code, and except as otherwise provided herein or in the Plan, or in any contract, instrument, release or other document entered into in connection with the Plan, the Debtor shall reject the Rejected Contracts and Leases, except those (a) that have been previously assumed or rejected pursuant to a Final Order of the Court, or (b) that are the subject of a separate motion to assume or reject filed under Section 365 of the Bankruptcy Code prior to the Confirmation Hearing. Each of the Rejected Contracts and Leases shall be *rejected* and each of the Assumed Contracts shall be assumed only to the extent that they constitute an executory contract or unexpired lease.  Listing a contract or lease in any motion filed by the Debtor shall not constitute an admission by the Debtor that such contract or lease is an executory contract or unexpired lease or that the Debtor has any liability thereunder. This Confirmation Order shall constitute an order approving the rejections and/or the assumptions described in Article VI of the Plan, pursuant to Section 365 of the Bankruptcy Code, as of the Effective Date.  On the Effective Date, the Reorganized Debtor shall be entitled to enjoy all the rights and benefits under each of the Assumed Contracts and Leases without the necessity of obtaining such counterparty's written consent to assumption or retention of such rights and benefits, and all rights of such counterparty with respect to each of the Assumed Contracts and Leases regarding events and occurrences prior to the Effective Date shall be deemed satisfied and waived, subject to the satisfaction of cure obligations in accordance with the Plan.

19.     **Bar Date for Rejection Damage Claims.** Claims arising out of the rejection of an executory contract or unexpired lease pursuant to Article VI of the Plan must be filed with the Court no later than the earlier of (a) thirty (30) calendar days from the Confirmation Date or (b) thirty (30) calendar days from entry of the order rejecting such contract or lease.  Any Claims not filed within

14

such time period will be forever barred from assertion against any of the Debtor or the Reorganized Debtor.

20.     **Release of Liens.** Except as otherwise provided in the Plan or this Confirmation Order, or in any contract, instrument, release, or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date and/or concurrently with the applicable distributions made pursuant to the Plan, all mortgages, deeds of trust, liens, or other security interests against the property of the Estate are fully released and discharged (except to the extent reinstated under the Plan), and all right, title, and interest of any holder of such mortgages, deeds of trust, liens, or other security interests, including any rights to any collateral thereunder, shall revert to the Reorganized Debtor and its successors and assigns.

21.     **Distributions to Creditors.** Pursuant to the terms of the Plan, the Debtor shall implement the distributions to Holders of Class 8 General Unsecured Claims and as otherwise provided for under the Plan.

22.     **Retained Professional Claims and Final Fee Applications.**  All final requests for payment by all professionals retained by an Order of this Court under Section 327 of the Bankruptcy Code that are seeking an award by the Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date under Sections 503(b)(2), 503(b)(3) or 503 (b)(5) of the Bankruptcy Code shall be filed and served on counsel for the Reorganized Debtor and as otherwise required by the Court and Bankruptcy Code their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred on or before the date that is **twenty one (21)** calendar days after the date of this Confirmation Order, with negative notice, unless otherwise ordered by the Court.  The Reorganized Debtor shall pay in full upon a determination of allowance such Claims in such amounts as are allowed by the Court, after notice and hearing, or upon such other less favorable terms as may be agreed upon by the holder of such an Allowed Administrative Expense Claim and approved by the Court after notice and hearing.

Any request for payment of an Administrative Expense Claim by a professional or other person specified in this paragraph, which is not filed by the applicable deadline set forth above, shall be barred.  Upon the Effective Date, any requirement that professionals comply with Sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for such services rendered after such date will terminate, and the Reorganized Debtor will employ and pay professionals in the ordinary course of business.

23.     **Resolution of Disputed Claims.**  Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved or adjudicated in accordance with the terms of the Plan.  On or after the Effective Date, the Reorganized Debtor shall have the exclusive right to file objections, litigate to judgment, settle or withdraw objections to Disputed Claims and shall serve a copy of each objection upon the Holder of the Claim to which the objection is made as soon as practicable, but in no event later than sixty (60) days after the Confirmation Date (the "*Objection Period*"), except that the same may be extended from time to time by the Court, without further notice to the parties in interest.  Notwithstanding anything provided hereinabove, the Debtor shall have the right to object to unsecured claims during the Objection Period.

24.     **Right to Object Pending Effective Date.**  Any other party in interest may, until the Effective Date, file objections in the Bankruptcy Court to the allowance of any Claim or Interest.

25.     **Directors and Officers of Reorganized Debtor.**  The Reorganized Debtor shall retain the Debtor's name and will proceed in its business operations under the management and control of the holders of the membership interest following confirmation of the Plan.  The Managing Member of the Reorganized Debtor following confirmation of the Plan shall be Ray Cibischino.

26.     **General Authorizations.** The Reorganized Debtor, and all other officers, employees, agents or attorneys, as applicable, are authorized and empowered pursuant to Sections 105 and 1142(b) of the Bankruptcy Code and any applicable state law to execute, acknowledge, and deliver such deeds, assignments, conveyances, releases, and other assurances, documents, instruments of

16

transfer, uniform commercial code financing statements, trust agreements, mortgages, indentures, security agreements, and bills of sale, and to take any and all actions reasonably necessary or appropriate to implement, effectuate, and consummate any and all of the documents or transactions contemplated by the Plan or this Confirmation Order, without further order of the Court, further corporate action or further action.  Without limiting the generality of the foregoing, this Confirmation Order shall constitute all approvals and consents, if any, required by the applicable state corporation laws, and all other applicable business corporation, trust and other laws of the applicable governmental units with respect to the implementation and consummation of the Plan and this Confirmation Order and the transactions contemplated thereby and hereby.  Such actions are approved in all respects and shall be deemed to have occurred and be effective on the Effective Date.  Following the Effective Date, each of the contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents entered into by the Debtor or the Reorganized Debtor in connection with the Plan shall be legal, valid and binding obligations of the Reorganized Debtor and enforceable against the Reorganized Debtor in accordance with its terms.

27. **Binding Effect.** Except as otherwise provided in Section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, and subject to the Effective Date, the provisions of the Plan shall bind all parties in interest including all present and former holders of a Claim against, or Interest in, the Debtor and its respective successors, affiliates and assigns, whether or not the Claim or Interest of such Holder is impaired under the Plan and whether or not such Holder has filed a Proof of Claim or Interest or accepted the Plan. The holders of liens satisfied, discharged and released under the Plan shall execute any and all documentation reasonably requested by the Reorganized Debtor evidencing the satisfaction, discharge and release of such liens and such liens shall be deemed satisfied, discharged and released by operation of this Confirmation Order.

28. **Filing and Recording.** This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, except as otherwise provided in the Plan or this Confirmation

Order, all Claims and Interests existing prior to such date have been unconditionally released, discharged and terminated in accordance with Paragraph 20 of this Confirmation Order, (b) is and shall be effective of the release and cancellation of the security interests, liens and encumbrances in property of the Debtor in accordance with Paragraph 20 of this Confirmation Order, and (c) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or with respect to the property of the Debtor or the Reorganized Debtor.  Each and every federal, state and local government agency is hereby directed to accept any and all documents and instruments necessary, useful or appropriate (including without limitation, promissory notes, security agreements, mortgages, and Uniform Commercial Code financing statements) to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax or similar tax imposed by state or local law.  All promissory notes, security agreements, mortgages, UCC financing statements and other loan documents are hereby: (a) deemed to be made under the Plan; (b) made in furtherance of the Plan; (c) qualify as an instrument of transfer under a confirmed plan within the meaning of Section 1146 of the Bankruptcy Code; and (d) declared exempt from and may not be taxed under any law imposing a stamp tax, similar tax, or recording fee.

29.    **Corporate Existence and Revesting of Assets.**    The Debtor shall, as the Reorganized Debtor, continue to exist after the Effective Date as a separate legal entity, with all powers of a corporation, under the laws of its state of incorporation and without prejudice to any right to alter or terminate such existence (whether by merger or otherwise) under such applicable

state law.  Except as otherwise explicitly provided in the Plan or in this Confirmation Order, on the Effective Date, all property comprising the Estate shall revest in the Reorganized Debtor, free and clear of all Claims, liens, charges, encumbrances, rights, and interests of creditors and equity security holders.  The Reorganized Debtor may operate its business and may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending cases under any chapter or provision of the Bankruptcy Code, except as provided herein.

30.     **No Post-Confirmation Amendment or Filing of Claims.**  A Claim may not be filed or amended after the Confirmation Date without the prior agreement of the Reorganized Debtor. Except as otherwise permitted herein or in the Plan, a Claim filed or amended after the Confirmation Date shall be deemed disallowed in full and expunged without any action by the Reorganized Debtor.

31.     **Injunction.** Except as otherwise specifically provided in the Plan and except as may be necessary to enforce or remedy a breach of the Plan, all persons or entities who have held, hold or may hold Claims, and all other parties in interest in the Bankruptcy Case, along with their respective present or former employees, agents, officers, directors or principals, shall be permanently enjoined on and after the Effective Date from directly or indirectly (i) commencing or continuing in any manner any action or other proceeding of any kind to collect or recover any property on account of any such Claim against the Debtor or the Reorganized Debtor, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree, or order to collect or recover any property on account of any such Claim against the Debtor or Reorganized Debtor, (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or Reorganized Debtor, on account of such Claim, (iv) except for recoupment, asserting any right of setoff or subrogation of any kind against any obligation due the Debtor or Reorganized Debtor or against the property or interests in property of the Debtor or Reorganized Debtor on account of any such Claim, (v) commencing or continuing any action against Reorganized Debtor in any manner or forum in respect of such Claim

that does not comply or is inconsistent with the Plan, and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

32.     **Automatic Stay.** The stay in effect in the Bankruptcy Case pursuant to Section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunction set forth in Paragraph 22 of this Order and/or Sections 525 and 1141 of the Bankruptcy Code; provided, however, that nothing herein shall bar the filing of financing documents (including uniform commercial code financing statements, security agreements, leases, mortgages, trust agreements and bills of sale) or taking of such other actions as are necessary to effectuate the transactions contemplated by the Plan, the consummation of the Plan or by this Confirmation Order prior to the Effective Date.

33.     **Reservation of United States Trustee Duties and Responsibilities.**  The Plan (including, without limitation, the releases and promises relating to settlement negotiations and agreements) shall not be construed to inhibit or impair the Office of the United States Trustee in the performance of its statutory duties; provided, however, that this Plan shall finally and completely resolve all civil issues and disputes in the Bankruptcy Case.

34.     **Payment of Fees.** All fees payable pursuant to Section 1930 of Title 18 of the United States Code shall be paid on or prior to the Effective Date and the Reorganized Debtor shall thereafter pay any statutory fees that are due until this Case is closed, converted or dismissed.

35.     **Retention of Jurisdiction.**  Notwithstanding confirmation of the Plan or occurrence of the Effective Date, this Court shall retain, but may decline to exercise or abstain from exercising, such jurisdiction as is provided in the Plan and as is legally permissible, including, without limitation, that provided in Article X of the Plan.

36.     **Modification of Plan.**  After the entry of this Confirmation Order and before substantial consummation of the Plan, the Reorganized Debtor may, upon due notice and order of the Court (to the extent required), amend or modify the Plan in accordance with Section 1127(b) of the

Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan, in such manner as may be necessary to carry out the purpose and intent of the Plan.

37.    **Severability.** The Confirmation Order will constitute a judicial interpretation that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

38.    **Exemption from Certain Taxes and Recording Fees.** Pursuant to Section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security, or the making, delivery, filing, or recording of any instrument of transfer under, or in connection with, the Plan shall not be taxed under any law imposing a recording tax, stamp tax, transfer tax, or similar tax.  Furthermore, and without limiting the foregoing, any transfers from the Debtor to the Reorganized Debtor or to any other Person or Entity pursuant to the Plan, as contemplated by the Plan, or pursuant to any agreement regarding the transfer of title to or ownership of any of the Debtor's property in the United States will not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, sales or use tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment.  All filing or recording officers (or any other Person or Entity with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of Section 1146(a) of the Bankruptcy Code, shall forgo the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. The Bankruptcy Court shall retain specific jurisdiction with respect to these matters.

39.    **Exemption from Securities Laws**.  Except with respect to an entity that is an underwriter as defined in subsection (b) of Section 1145 of the Bankruptcy Code, section 5 of the Securities Act of 1933 and any state or local law requiring registration or licensing of an issuer of, underwriter of, or broker or dealer in, a security shall not apply to the issuance of the membership

interest to Michael Sheeks under the Plan or the Plan Documents pursuant to Section 1145 of the Bankruptcy Code.

40.     **References to Plan Provisions.**  The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

41.     **Plan Controlling.**   If there is any direct conflict between the Plan and this Confirmation Order, the terms of the Plan shall control.

42.     **Reversal.** If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacatur by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity or enforceability of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Reorganized Debtor's receipt of written notice of such order.  Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents or any amendments or modifications thereto.

43.     **No Stay of Confirmation Order.**   Pursuant to Rule 3020(e) of the Bankruptcy Rules, this Confirmation Order shall not be stayed and shall be effective upon entry on the docket of this Court.

44.     **Applicable Non-Bankruptcy Law.**   To the extent provided in Sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

45.  **Filing of Notice of Effective Date.**  Prior to the Effective Date, counsel for the Debtor shall file with this Court a Notice that the Plan has become effective, which Notice of Effective Date shall be served by the Reorganized Debtor on the Local Rule 1007-2 Parties in Interest List.

46.  **Service of Confirmation Order.** A Copy of this Confirmation Order shall be furnished to the registered filers via the Courts electronic noticing system. Notice of the entry of this Confirmation Order shall be adequate if served by the Debtor on all Creditors, holders of Equity Interests, and parties in interest in this case in accordance with Bankruptcy Rule 2002(f) (7).

###

Attorney James W. Elliott is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within three (3) days of entry of the order.